The last case on for argument is Cheesborough v. Little Ritchie Bus Services. Mr. Cheesborough v. Little Ritchie Bus Services Good morning judges. Good morning Mr. Cheesborough. Discussion before the court on the appeal by Appellant Chan Cheesborough. Mr. Cheesborough on your right hand side is a button and if you just or a toggle switch if you put that it'll bring the podium up a little bit I think which. It's as high as it'll go. Okay. Okay. Oh yeah. Just speak into the microphone then we can hear you well. Thank you. Yes sir. I'm Chan Cheesborough father. In this case before the court on appeal by the Appellant Chan Cheesborough against Little Ritchie Bus Company Defendants Appellee and first the district court dismissed Ms. Cheesborough claimed without merit but based on the deposition of Ms. Tachata, Judge Towns District Court Judge stated in her fax that Ms. Tachata did her job but it's impossible that Ms. Tachata did do her job if she was not on my daughter's bus and she was not involved in the accident because I have a police report here that Mr. Tachata name is not on and then I have a police report from the defendants from DMV with her name up here but the police states 11 persons was on the bus that morning but if you see the DMV report it have 12 people. It have nine kids and three adults but the police index have the police wrote two adults and nine kids. Mr. Cheesborough were those documents in front of the trial judge? What they did, they gave the trial judge this, this from DMV instead of giving her this. So how they mislead the courts, if you count the people on their police report it's 12. If they would have gave the district court judge this, she would have said it's 11, two this lady name to this document and made 12, then in open court they mislead the courts with another lady named Ms. Chawba and you can see where the district court judge said Ms. Chawba was acting in her scope of employment at the time of the accident, now that's 13 people. Then they have another man here on the police report, on my police report that I got from the police department, name is William Lightfoot, so that makes how many people, 13 people. So they saying Mr. Lightfoot scrapped my door in, Ms. Chawba scrapped in and Ms. Cabrera Chichardo scrapped in, but the police report only got 11 people, so something wrong. Mr. Chiefsborough, do you agree now that the bus did have seatbelts or do you, because I thought you had said at one point. I never seen the bus and the defenders don't have no pictures or nothing saying the bus has seatbelts. They don't have, all they showed me in deposition is an empty highway, never seen the bus and never seen the inside of the bus with seatbelts where she would cry. All I was going by was what my daughter said, that she ended up in the aisle. Now if you could show some seatbelts, then I don't know. But my attorney brought that up. He should have never said that unless he went to the bus and seen that. I don't know why you make an allegation like that out of the jump, because she got hurt. And you were unhappy with your attorney. Yes, ma'am, because the only way these people could have did that to Ms. Sandra Towns is he had the, it was like a Ponzi scheme, because they could have never passed this through there. My attorney could have took this and said, no, Ms. Sandra Towns, here go the original police report. And then she wouldn't have, see if you count the people up here, it's 12 people, but it's only 11, but they still got, and then look at this here to the top. They say the accident happened 11-15-100. Then I called DMV and asked them about this police report. And they say this is not their police report, because they don't write their police reports out with an ink pen. They do it with a computer. So this is like foolish. And then they don't have no recollection of this accident. So I, ma'am? You know, the law in New York says that you can't hold a bus company liable unless they broke, unless they violated the law, including about a seat pass. And so, you know, I think that's what the district court, why the district court decided what it decided. But if the district court, if Ms. Sandra Towns said in her fax that Ms. Serena Tachado did her job and she wasn't on the bus, ain't that negligence? Now who you going to put on the bus if they scrapped her in? Now, oh, and Mr. Lightfoot, he's not the employer of Little Richie Bus Company. He worked for the Board of Education. So he didn't have no business on my daughter's bus. What he was doing was coming to work in the morning, hitching a ride with Mr. Joseph, the bus driver, playing matron. So he didn't have no business on the bus. And then he sued the court that hit the bus. So really, he needed to just give them people money back. He didn't have no business on that bus. He didn't work for Little Richie. That's why, see, how they did the Ponzi scheme, they had to take this lady and put her in the place of Mr. Lightfoot, but they had to put a matron on the bus. See, he wasn't a matron. He worked for the Board of Education. So Mr. Cheesborough, as you can tell, we've let everybody go a little over when the red light comes on. Oh, yes sir. So why don't you give us a wrap-up statement, and then you've reserved a minute for a rebuttal. And we'll hear from Mr. Hertzler. Now, they took, when they had the accident, they didn't call 911. So I got an accident, nine kids on the bus. They called the bus company. The bus company sent them a bus. They get the nine kids off in the bus and take them away from Woodhaven Boulevard to Jamaica, Queens. Now what sense do that make, and you don't pass two hospitals? See, they didn't have their stuff together that morning. So then this lady said that, this lady said that she went to the hospital until all the parents got there. And I got a statement right here that says that they left the hospital and they went to school. So that right there tells you Mr. Raynor Chichardo wasn't on the bus. So I mean, it's just so bungled up. And I know, you know. You've told us about that in your papers, and we've read your papers. Yes, sir. Yes. So if you would have a seat now for a minute, we're going to hear from the attorney. Take your papers with you. Yes, sir. Please. And we'll hear from the other attorney. Then you'll get one more minute to respond. Thank you, sir. Thank you very much, Mr. Cheesborough. May it please the Court, my name is Nicholas Herzler, and I represent the appellee in this matter. Your Honors, I think the arguments that have been made are unpreserved for appellate review and refer to documents which are outside the record. I think that just to cut to the heart of the matter, the order appealed from should be Law 3813, subsection 4, which provides that the defendant in this case is immune from liability absent a violation of a statute. The plaintiff has not articulated any reason on appeal as to why that is unsound. And I can't articulate any better than Judge Towns did in the lower court in her decision in laying out why this decision was correctly made. Unless the Court has any questions, I will rest on my brief. You would rely on Judge Towns' decision then? Yes, Your Honor. I think it was cogently written, well-reasoned, and whatever other issues may be raised, I think the education law immunity is the controlling issue. As far as the regulations, there were two at issue that the plaintiff did argue in opposition papers, but those were, first of all, new theories of liability made for the first time in opposition to the Rule 56 motion. And also, each statute does not apply. One of them that was relied upon was not in effect at the time of the accident, that was a VTL provision. And then the other, as Judge Towns explained in her order, is that it only applies to the school district, and not to the bus company. Contracting bus company. Correct. Those two are in Judge Towns' decision at Supplemental Appendix 247 and 248, and she explains those in detail. All right. Thank you. Mr. Chesebrough, is there anything else you would like to add? I just want to say, if Ms. Chichardo wasn't on my daughter's bus, and she went and did a deposition saying she was, that's negligence right there, because she lied. See, because her name is not on this police report. See, that's the whole thing. Why would you go get a person to go do a deposition at a law firm, at his law firm, that wasn't involved in the accident? Look, let me, I got one more. Mr. Chesebrough, let me ask you just a couple of questions, and then we'll take this under advisement. Okay. So, you were represented, you and your daughter were represented by an attorney. Yes, sir. In the trial court. Yes, sir. And do you know whether that attorney put the documents that you have into the case? Yes. Your two different police reports? Well, this police report I got from the defendants. Right. The one from DMV. But this is what I'm concerned about. This is, I'm quoting, during the time you worked for Little Richard Bus Company, have you ever been on a Little Richard bus in an accident, Mr. Charter? No, sir. Never been on a bus where the bus was involved in an accident? No, sir. Let me be more specific. Were you ever on a Little Richard bus on November 15th, 2000, was involved in an accident? Not that I recall. Now, going to a deposition. Now, me, myself, I go do a deposition in a car wreck, and I wasn't in the car. That's a penalty for dead. I mean, don't you think, I mean, Judge? Now, she did a deposition, because I have her deposition. And here, go right here. This is her, that Aaron Fishbury asked her, have she ever been on a Little Richard bus? And then, Mr. Zimmerman stopped the deposition. Then she came, they stayed out a good while, then she came back and she knew little picks and picks about the accident. Now, I'm concerned about that. Chief Burrell, we're going to review these documents and papers. Okay. Again, part of what controls all of us here and the district court are the procedures that get followed. And there may have been some problems with the procedures that none of us can do anything about. And it was up to your attorney to do something about. But we will look at that. We're concerned with some limited issues, but we've heard your arguments here. Yes, sir. And we'll go back and look at the- Yes, sir, because I would never want that to happen to nobody again. I understand. For a person to take a deposition, now you've got some nerve to go do a deposition, and you're not telling the truth, now that's negligence right there. And why didn't law firm would let her, sir? Yeah, you're correct. I'm not- Yes, sir. Yes, sir. But it may be something like that. Yes, sir. Thank you very much. Yes, sir. Sorry that it took so long. I got to travel back to North Carolina. I traveled all night last night to come here. Safe travels. Yes, sir. Thank you. Thank you, sir. We'll get you a decision in a while. Please adjourn court. Court is adjourned.